1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

VINCENT PRICE McGOWAN,

           Petitioner,

     v.

B. HENDRICK, Warden,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 13-5943-CAS (OP)

MEMORANDUM AND ORDER RE:
DISMISSAL OF PETITION FOR WRIT
OF HABEAS CORPUS (28 U.S.C. §
2254) AS SUCCESSIVE

17
18

**I.**

**INTRODUCTION**

19
20
21
22
23
24

      On August 12, 2013, Vincent Price McGowan ("Petitioner") filed a Petition
for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. §
2254 ("Petition").  (ECF No. 1.)  On August 28, 2013, the Court issued an Order
Requiring a Response to the Petition.  (ECF No. 3.)  On October 15, 2013,
Respondent filed a Motion to Vacate the Order Requiring a Response to the
Petition on the ground that the Petition is successive.  (ECF No. 10.)

25
26
27
28

      On October 22, 2013, the Court dismissed the Petition with leave to amend
and granted Respondent's Motion to Vacate.  (ECF No. 14.)  It appeared to the
Court that Petitioner was not challenging a prior conviction.  Rather, it appeared

1

1  that he was actually complaining about the conditions of his confinement.  The

2  Court declined to construe the Petition as a civil rights action and informed

3  Petitioner that if he desired to pursue his civil rights claims, he must do so pursuant

4  to a separate civil rights complaint.  The Court further informed Petitioner that if

5  he desired to pursue a habeas corpus action challenging a conviction, he needed to

6  file a First Amended Petition.  (Id. at 4-7.)  Finally, the Court informed Petitioner

7  that his "[f]ailure to comply with these requirements may result in the dismissal of

8  this action for failure to prosecute and/or failure to comply with a court order.

9  Failure to remedy the deficiencies discussed may also result in a recommendation

10  that the action be dismissed."  (Id. at 8.)

11  On November 12, 2013, Petitioner filed a First Amended Petition ("FAP").[1]

12  (ECF No. 15.)  For the reasons set forth below, the Court dismisses the FAP

13  without prejudice.

**II.**

**PROCEDURAL HISTORY**

**A.**  **State Proceedings.**

17  On April 4, 1986, Petitioner pled guilty to kidnapping to commit robbery

18  (Cal. Penal Code § 209(b)) in Los Angeles County Superior Court, case number

19  A778141.  (ECF No. 11, Lodgment 1.)  On April 25, 1986, Petitioner was

20  sentenced to a life term in state prison.  (Pet. at 2; ECF No. 11, Lodgment 2.)  On

21  June 27, 1989, Petitioner's certificate of probable cause to challenge the validity of

22  his plea was denied as "clearly frivolous" and thus he never perfected his appeal.

23  (ECF No. 11, Lodgment 3.)

24  On October 17, 1989, Petitioner filed a habeas petition in the California

26  [1]  On the same date, Petitioner also filed and a Request for Appointment of
27  Counsel and a Motion for a Keep Away Order.  (ECF Nos. 17, 18.)  On November
28  25, 2013, Petitioner filed a Motion for Law Library Access.  (ECF No. 23.)  Based
   on the findings herein, the Court denies Petitioner's request and motions.

Supreme Court, case number S012529, which was denied on November 22, 1989, for failure to allege sufficient facts with a citation to <u>In re Swain</u>, 34 Cal. 2d 300, 304 (1949).  (ECF No. 11, Lodgments 4, 5.)

**B.    <u>Federal Habeas Proceedings</u>.**

On April 12, 1999, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 in this District, case number CV 99-3885-LEW (BQR), in which he challenged the same conviction which he challenges in the current Petition.  On March 19, 2001, Judgment was entered dismissing the petition with prejudice as untimely.  (ECF No. 11, Lodgment 6; CV 99-3885 ECF Nos. 97-99.)

On August 20, 1999, Petitioner filed a second § 2254 petition in this District, case number CV 99-8510-LEW (BQR), in which he challenged the same conviction which he challenges in the current Petition.  On June 28, 2001, an Order was entered dismissing the petition as second and successive.  (ECF No. 11, Lodgment 7; CV 99-8510 ECF No. 5.)

There is no indication on the Court's docket or otherwise that Petitioner has obtained approval from the Ninth Circuit to file a successive habeas petition challenging the aforementioned conviction.

**III.**

**DISCUSSION**

**A.    <u>Nature Of The Petition</u>.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment, and in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

3

The habeas corpus petition is the proper action for State prisoners who challenge state court convictions, state court sentences, or other matters affecting the length of state prison confinement. <u>See</u> 28 U.S.C. §§ 2241, 2254. "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); <u>Burnett v. Lampert</u>, 432 F. 3d 996, 999 (9th Cir. 2005).

The Supreme Court has held that a federal court has the discretion to construe a mislabeled habeas corpus petition which seeks relief from the conditions of confinement as a civil rights action and permit the action to proceed. <u>See</u> <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam) (holding that where a habeas corpus petition presents § 1983 claims challenging conditions of confinement, the petition should be construed as a civil rights action).

However, the court should not convert a § 1983 action into a habeas petition, unless the intent to bring a habeas petition is clear. <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585-86 (9th Cir. 1995). Moreover, a court should not consolidate a habeas petition with a civil rights action because of, <u>inter</u> <u>alia</u>, the inherent risk of confusion of issues. <u>Malone v. Calderon</u>, 165 F. 3d 1234, 1236-37 (9th Cir. 1963).

As discussed above, a habeas petition is brought to challenge the legality of a conviction or sentence, or the length of that sentence. <u>See</u> 28 U.S.C. §§ 2241, 2254; <u>Preiser</u>, 411 U.S. at 484. In the FAP, it appears that Petitioner is again attempting to challenge his 1986 conviction, this time on the basis of ineffective assistance of counsel. (FAP at 5.) However, it also appears that Petitioner is complaining about the conditions of confinement regarding his right to file administrative grievances and interference with his legal mail. (<u>Id.</u> at 5, 6.)

Habeas relief is ordinarily not available to challenge conditions of confinement. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 125 S. Ct. 1242, 1245-48 (2005).

4

1  State prisoner complaints regarding the conditions of confinement are civil rights

2  actions.  See 42 U.S.C. § 1983; Nelson v. Campbell, 541 U.S. 637, 643, 124 S. Ct.

3  2117, 158 L. Ed. 2d 924 (2004) ("[C]onstitutional claims that . . . challenge the

4  conditions of a prisoner's confinement, whether the inmate seeks monetary or

5  injunctive relief, fall outside of the [habeas] core and may be brought pursuant to a

6  § 1983 [action] in the first instance.").

7  While the United States Supreme Court has held that a federal court may

8  permit a habeas petition to proceed as a civil rights action if it contains civil rights

9  claims, see Wilwording, 404 U.S. at 251, the FAP appears to contain both civil

10  rights and habeas claims.  Thus, the  Court declines to construe the Petition as a

11  civil rights complaint under 42 U.S.C. § 1983.  See Malone, 165 F.3d at 1236-37.

12  **B.**    **A Habeas Corpus Petition Challenging the 1986 Conviction Is Subject**

13  **to Dismissal as Successive.**

14  Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in

15  pertinent part that:

16  (b)(1) A claim presented in a second or successive habeas corpus

17  application under section 2254 that was presented in a prior

18  application shall be dismissed.

19  (2) A claim presented in a second or successive habeas corpus

20  application under section 2254 that was not presented in a prior

21  application shall be dismissed unless--

22  (A) the applicant shows that the claim relies on a new

23  rule of constitutional law, made retroactive to cases on

24  collateral review by the Supreme Court, that was

25  previously unavailable; or

26  (B)(i) the factual predicate for the claim could not have

27  been discovered previously through the exercise of due

28  diligence; and

5

1              (ii) the facts underlying the claim, if proven and viewed

2              in light of the evidence as a whole, would be sufficient to

3              establish by clear and convincing evidence that, but for

4              constitutional error, no reasonable factfinder would have

5              found the applicant guilty of the underlying offense.

6      (3)(A) Before a second or successive application permitted by this

7      section is filed in the district court, the applicant shall move in the

8      appropriate court of appeals for an order authorizing the district court

9      to consider the application.

10  28 U.S.C. § 2244(b).

11      Generally speaking, a petition is second or successive if it raises claims that

12  were or could have been adjudicated on the merits in a previous petition.  Cooper

13  v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).  Moreover, although a dismissal

14  based upon the statute of limitations does not include an examination of the merits

15  of the underlying substantive claims presented in the petition, such a dismissal is

16  considered an adjudication of the merits for purposes of determining whether a

17  subsequent petition is successive under the AEDPA.  McNabb v. Yates, 576 F.3d

18  1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time

19  barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and

20  renders a subsequent petition second or successive for purposes of 28 U.S.C. §

21  2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

22      As set forth above, before a second or successive application permitted

23  under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the

24  appropriate court of appeals for an order authorizing the district court to consider

25  the application.  28 U.S.C. § 2244(b)(3)(A).  Furthermore, "[a] district court shall

26  dismiss any claim presented in a second or successive application that the court of

27  appeals has authorized to be filed unless the applicant shows that the claim satisfies

28  the requirements of this section."  28 U.S.C. § 2244(b)(4); see also Cooper, 274

F.3d at 1274 (once petition recognized as "second or successive" under § 2244(b), district court lacks jurisdiction to consider petition absent authorization from court of appeals) (citations omitted).

It appears from the face of the FAP that Petitioner is challenging the same April 1986 conviction for kidnapping to commit robbery, case number A778141, that he challenged in the prior § 2554 petitions filed in this District. (<u>Compare</u> CV 13-5943 ECF No. 15; Lodgments 6, 7; CV 99-3885 ECF Nos. 97-99; CV 99-8510 ECF No. 5.)  As to the prior § 2254 petition, case number CV 99-3885, on March 19, 2001, an Order and Judgment were entered denying the petition and dismissing the action with prejudice.  (ECF No. 11, Lodgment 6; CV 99-3885 ECF Nos. 97-99.)  As to the prior § 2254 petition, case number CV 99-8510, on June 28, 2001, an Order was entered denying the petition and dismissing the petition as successive.  (ECF No. 11, Lodgment 7; CV 99-8510 ECF No. 5.)

In the FAP, Petitioner seeks to raise a claim of ineffective assistance of counsel that was not presented in his prior § 2254 petitions.  (FAP at 5, 6.)  Since the FAP is successive, Petitioner must seek an order from the Ninth Circuit authorizing this Court to consider the FAP.  28 U.S.C. § 2244(b)(3)(A).  There is no indication that Petitioner has obtained such approval prior to the filing of the FAP.  Thus, this Court lacks jurisdiction to address the merits of the Petition.  <u>See</u> 28 U.S.C. § 2244(b)(3); <u>Cooper</u>, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction).

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.

## **ORDER**

IT IS THEREFORE ORDERED that the First Amended  Petition is hereby dismissed without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: February 19, 2014

_____
HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge

8